UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20766-CIV-SEITZ/O'SULLIVAN

LISA BURKE-THOMPSON,

    Plaintiff,

v.

BAPTIST HOSPITAL OF MIAMI, INC. and
BAPTIST HEALTH SOUTH FLORIDA, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Defendants' Renewed Motion for Taxation of Costs (DE # 101, 6/5/08). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida. Having reviewed the applicable filings and law, the undersigned respectfully recommends that the aforementioned motion be GRANTED as more fully explained below.

## BACKGROUND

On August 22, 2007, the defendants filed a timely Motion for Taxation of Costs and Supporting Memorandum of Law after the court granted its Motion for Summary Judgment on August 8, 2007. On September 14, 2007, the Court issued an Order Granting Plaintiff's Motion to Abate the cost proceedings. (DE #91). The Order allowed the defendants to renew their motion to tax after the Court of Appeals issued a mandate. Following the Court of Appeals Order affirming the District Court's Order Granting Defendants' Motion for Summary Judgment the defendant renewed its Motion

for Taxation of Costs (DE# 101, 6/5/08).  Having received no response from the plaintiff, the undersigned issued an Order requiring the plaintiff to respond to the Renewed Motion to Tax Costs by June 25, 2008 (DE# 102, 6/5/08). On June 25, 2008, the plaintiff requested an enlargement of time to file a response to the instant motion (DE# 103, 6/25/08). The undersigned granted the enlargement and ordered the plaintiff to file a response on or before July 10, 2008, (DE# 104, 6/26/08).  The plaintiff filed a response on July 10, 2008, (DE# 107, 7/10/08).  The defendants filed a reply on July, 17. 2008, (DE# 109, 7/17/08).

## **ANALYSIS**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."  See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 ( D. Kan. 1994).   The defendants prevailed in the case at bar and, therefore, are entitled to receive costs recoverable under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute. See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

Pursuant to 28 U.S.C. §1920,

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of stenographic transcript

>   necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees under § 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  The courts are limited to granting only those costs that are specifically enumerated in 28 U.S.C. § 1920.  See <u>EEOC v. W&O. Inc.</u>, 213 F. 3d 600, 620 (11th Cir. 2000).  The plaintiff's Response to Defendant's Renewed Motion for Taxation of Costs (DE # 107, 7/11/08) discusses the plaintiff's inability to pay the costs sought by the defendants, but fails to provide any documentation or proof of the claimed inability to pay.

The plaintiff's claim of an inability to pay does not automatically preclude her from paying costs under Fed. R. Civ. P. 54(d). Fed. R. Civ. P. 54(d)  provides, in pertinent part, " the indigence of a non-prevailing litigant per se does not preclude taxation of costs against that party." Despite a claim of difficult financial and employment situations rendering one unable to pay the defendant's bill of costs, the reasonable goal of requiring indigent litigants to assess the relative merits and risks of litigation would be thwarted if indigence alone were always sufficient to support a motion for relief from costs. Glucover v. Coca-Cola Bottling Co. Of New York, Inc., No. 91cv6331, 1996 WL 1998, at *2 ( S.D. N.Y. Jan. 03, 1996). The court must consider the

3

ability to pay of the party subject to the costs.  Bullard v. Downs, 161 Fed. Appx. 886, 889 (11th Cir. 2006). However, limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party. Pickett v. Iowa Beef Processors, 149 Fed. Appx. 831, 832 (11th Cir. 2005). Given the financial circumstances of the non-prevailing party, the amount of costs must not be so large that they conflict with a common sense amount.  Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002).  Here, there is no showing that the plaintiff is incapable of paying the prevailing party's costs in the present or in the future, accordingly, the undersigned recommends that costs be assessed against the plaintiff in the case at bar.

Accordingly, the undersigned makes the following recommendations with respect to costs.

(1)     Fees for exemplification and copies of papers necessarily obtained for use in the case

The undersigned recommends that the defendants be awarded the costs and expenses associated with exemplification and copies of papers necessarily obtained for use in the case.  The defendants seek reimbursement in the amount of $2,411.65 for these costs. The plaintiff objects to the defendants fees for copies of documents relating to this case.  The requested amount of $2,411.65, however, only represents two-thirds of the in-house copying charges incurred by the defendants.  28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case".  Accordingly, the undersigned finds that the requested photocopy costs are reasonable and were necessarily incurred during the course of the

litigation.  Undersigned accordingly recommends that the defendant, be awarded **$2,411.65** for costs and expenses associated with copies.

(2)     Fees of the court reporter for any part of the transcripts necessarily obtained for use in the case

The defendant seeks reimbursement in the amount of $5,539.19  for court reporter fees. The plaintiff fails to object to any specific costs associated with the depositions.  The undersigned recommends that the defendants be awarded the costs and expenses associated with the fees of the court reporter.  28 U.S.C. § 1920(2) states that, "a judge or clerk of any court of the United States may tax as costs the fees of the court reporter for any part of the stenographic transcript necessarily obtained for use in the case".  According to 28 U.S.C. § 1920(2), fees for electronic depositions (videographer costs) are not necessary in addition to transcript fees for the same deposition. The undersigned finds that the deposition transcripts for which costs are requested were necessarily obtained for use in the case.  See W&O, 213 F. 3d at 620.  It is proper to tax both the cost of videotaping and transcribing a deposition when both are necessarily obtained for use in the case under §1920(2).  Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997).  The undersigned accordingly recommends that the defendants be awarded costs associated with fees for the court reporter in the amount of **$5,539.19.**

(3)     Fees and disbursements for witnesses

The defendants request reimbursement in the amount of $ 200.00 for costs associated with fees for witnesses.  The undersigned recommends that the defendants

be awarded the requested costs associated with fees for witnesses.  U.S.C. § 1920(3) states that, "a judge or clerk of any court of the United States may tax as costs the fees and disbursement for printing and witnesses."   The defendants request witness fees in the amount of $40.00 each for Dr. Cristina Miller, Kandace Burke-Thompson, Edd Thompson, Daisy Acost, and Melissa Cirou. The undersigned finds that the defendants are entitled to all the requested witness fees in the amount of *$200.00*.

(4)     Service of process costs

The defendants request service of process fees for subpoenas served for documents and/or for attendance at depositions in the amount of $185.00.  Courts in this district have allowed service of process expenses to be taxed as permissible costs.  See W&O, 213 F. 3d at 623.  The undersigned, therefore, recommends that the defendants be awarded costs associated service fees of process in the amount of *$185.00*.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the defendant be awarded *$8,335.84* in costs.  The parties may serve written objections to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge, within ten (10) days of receipt.  See 28 U.S.C. § 636(b)(1)(c); United States v. Warren, 687 F.2d 347(11th Cir. 1982).  Failure to file objections timely shall bar the parties from attacking the factual findings contained herein.  See Loconte v. Dugger, 847 F.2d 745(11th Cir. 1988), cert. denied,

488 U.S. 958, 109 S.Ct. 397 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 1st day of August, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Seitz
All counsel of record